# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| UNION SECURITY INSURANCE COMPANY, ) <br> ) <br> Plaintiff/Stakeholder, ) <br> ) <br> v. ) <br> ) <br> LISA DAVISON and L.T. HOLT, as the ) <br> Personal Representative of the estate of ) <br> Jonathan Davison, deceased, ) <br> ) <br> Defendants/Claimants. ) | CIVIL ACTION NO.: <br> 1:19-cv-00061 |

## INTERPLEADER COMPLAINT AND
## REQUEST FOR DECLARATORY JUDGMENT

Pursuant to Rule 22 of the Federal Rules of Civil Procedure, Union Security Insurance Company ("Union Security") files this Interpleader Complaint and Request for Declaratory Judgment and states as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction over this interpleader action pursuant to Rule 22, Fed. R. Civ. P., and 28 U.S.C. § 1331 in that this civil action relates to the payment of benefits under an ERISA-governed employee welfare benefit plan and, therefore, arises under the laws of the United States. This Court has original jurisdiction under ERISA, 29 U.S.C. § 1132(e).

## VENUE

2.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 because one or more of the defendants resides in this district and because a substantial part of the events giving rise to this claim occurred within this district.

## PARTIES

3.      Plaintiff/stakeholder Union Security Insurance Company is an insurance company organized and existing under the laws of the State of Kansas and is authorized to do business in the State of Alabama.

4.      Jonathan Davison, now deceased, resided in Bay Minette, Alabama prior to his death.

5.      Defendant/claimant Lisa Davison, an individual, resides in Baldwin County, Alabama, on information and belief.

6.      Defendant/claimant L.T. Holt, as personal representative of the Estate of Jonathan Davison, resides in Baldwin County, Alabama on information and belief.

## FACTUAL ALLEGATIONS

7.      Jonathan Davison ("Decedent") died on January 30, 2018.  A true and correct copy of the Certificate of Death is attached at Exhibit A.

8.      At the time of his death, Decedent's life was insured under a basic group term life insurance policy, with policy number G 4,040,797 (the "Policy")

issued to his employer, Nudraulix, Inc., and insured by Union Security Insurance Company, as successor in interest to Fortis Benefits Insurance Company.  A true and correct copy of the Policy is attached at Exhibit B.

9.     As a result of Decedent's death, life insurance proceeds in the amount of $50,000.00 became payable under the Policy.

10.    There are competing claims for the Policy proceeds by and between the defendants/claimants.

11.    Union Security received a Beneficiary Designation on or about May 14, 2014 that purports to designate Lisa Davison as the primary beneficiary entitled to 100% of the proceeds under the Policy.  A true and correct copy of the Beneficiary Designation is attached at Exhibit C.

12.    L.T. Holt, the personal representative of Decedent's estate, contends that the beneficiary designation was made invalid under Alabama Code § 30-4-17(b)(1)(a) after Davison and Decedent divorced on July 10, 2014.

13.    Under the Policy, in the absence of a beneficiary designation, the benefits are payable to the insured's estate.

14.    According to the Death Certificate, Decedent was not married at the time of his death.

15. Lisa Davison contends that she is Decedent's beneficiary and has submitted a claim for 100% of the Policy proceeds. A copy of Lisa Davison's claim is attached at Exhibit D.

16. L.T. Holt also has submitted a claim for 100% of the Policy Proceeds as the personal representative of Decedent's estate. A copy of L.T. Holt's claim is attached at Exhibit E.

17. Both claimants claim 100% of the proceeds due under the Policy.

18. Based on the foregoing, there are competing claims for the proceeds due under the Policy in the amount of $50,000.00 between defendants/claimants.

19. Union Security sent letters to Lisa Davison and L.T. Holt giving them the opportunity to resolve their dispute and, if they were not able to reach a resolution, informing them that Union Security would file an interpleader action in court. Union Security was subsequently informed that they were not able to reach a resolution.

## **COUNT I-INTERPLEADER**

20. Union Security incorporates the prior paragraphs of this Interpleader Complaint and Request for Declaratory Judgment as if set out in full herein.

21. The claim of Lisa Davison competes with that of L.T. Holt, as personal representative of the Estate of Jonathan Davison.

22. As a result of the foregoing, there are conflicting claims for the Policy proceeds.

23. Union Security is unable to determine the proper beneficiary under the Policy and is at risk of multiple liability due to defendants' competing claims.

24. Union Security claims no interest in the benefits due, with the exception of reasonable attorney's fees and costs incurred in relation to this Interpleader action.

25. Union Security is an innocent entity and has in no way colluded with any of the claimants.

26. As a result of the continuing and conflicting claims, this Interpleader is necessary to ensure that the life insurance proceeds are paid to the proper person.

**WHEREFORE**, Union Security Insurance Company respectfully requests that this Court enter an Order:

(a) Directing Union Security to deposit the life insurance proceeds due under the Policy in the amount of $50,000.00, together with any applicable interest, into the registry of this Court, until the issue of entitlement to the life insurance proceeds is adjudicated;

(b) Discharging Union Security from any and all further liability related to the life insurance proceeds due under the Policy;

(c) Enjoining any parties, named or unnamed, from initiating any action against Union Security regarding the life insurance proceeds due under the Policy;

1615954.1

(d)  Awarding to Union Security its reasonable attorney fees and costs in connection with this action; and

(e)  Any other relief that this Court deems equitable and just.

Dated:    February 11, 2019

Respectfully Submitted,

/s/ *Christopher L. Yeilding*
One of the Attorneys for Plaintiff

**OF COUNSEL:**

Christopher L. Yeilding
Robert V. Baxley
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Post Office Box 306
Birmingham, Alabama  35201-0306

**PLEASE SERVE DEFENDANTS AT THE FOLLOWING ADDRESSES VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED:**

Lisa Davison
39110A County Road 39
Bay Minette, AL 36507

L.T. Holt
7581 Spanish Fort Boulevard
Spanish Fort, AL 35527